No. 1027

### WHIGAM v. BANNON

Ohio Appeals, 4th Dist., Scioto Co.

Decided June 24, 1926

485. EXECUTORS & ADMINISTRATORS —Where a claim is made by a daughter against a mother's estate for services rendered, a codicil to a will is not admissible to show that the mother forgave debt against the daughter in lieu of services, when not proven that daughter accepted same.

1271. WILLS—A legatee is not bound to accept a legacy and may renounce same.

1273. WITNESSES—Statements of decedent made in the known presence of a third person to her attorney are admissible in evidence and are not privileged.

355. DAMAGES—In an action by a daughter against estate of parent for services rendered, during the life time of said parent, expenditures made are not admissible because the measure of damages is for the services rendered.

MAUCK, P. J.

Lucy Whigam filed her petition in the Scioto Common Pleas against the personal representative of Mina Lauter setting forth that she was the daughter of Mina Lauter; that she and her husband had not been living with her mother and father, and at their parents' request induced her and her husband to give up their home and come and live with them upon a verbal promise to reasonably compensate them; that they took care of them until their death and the reasonable and proper amount for their services was $2,720, which claim was not allowed by the administrator.

Trial was had, a verdict of $800 was returned for Whigam, who being dissatisfied with the verdict, made a motion for a new trial which was overruled and error was thereupon prosecuted.

The principal grounds were, the admission in evidence of "defendants Exhibit A" and the trial judge's charge thereon; exclusion of testimony by the trial judge offered by Whigam, and evidence excluded tending to prove expenditures made during the time she was caring for her parents.

Whigam had put into the evidence "Plaintiff's Exhibit A" without objection, which was an unprobated will dated March 23, giving the bulk of the estate to her. During the course of the trial Bannon put the clerk of the probate court upon the stand and proved that "Defendant's Exhibit A" was the last will and testament of Mina Lauter. This will was admitted over Whigam's objection and was radically different from the March 23rd will in that it did not favor Whigam over the other testator's

children. By the codicil of the second will the testatrix provided that no rent should be charged for the occupancy of her house by Whigam; and that a $700 loan be cancelled as compensation for caring for her.

The court in its charge mentioned that the testator had no right to fix the compensation but was for the jury to determine. Further it was charged that "whatever you find for Whigam you will deduct $700 and if you find that the value of the service be less, you will find for Bannon in a like amount." The Court of Appeals held:

1. There are numerous cases where the acceptance by a legatee of the benefits of a will are held to constitute an estoppel to deny recitations in a will which but for such acceptance, would be open to dispute by the legatee. 57 OS. 561.

2. Here is an enforced credit applied upon Whigam's claim not because of anything she had done, but because the debtor asserts in her will that she was so entitled.

3. This is nothing more than a self serving declaration of an interested party.

4. There is no rule of evidence that would permit a declaration of a decedent to prove a debt owed by the daughter because the debt mibht have been assigned, paid or forgiven before decedent's death.

5. If the daughter had accepted the proposal she could do so although the executors might think her services worthless.

6. If she did so elect she would be bound, not because the will so provided, but because of her acceptance thereof; and she would be bound to surrender, not a part, but all of her claim for services.

7. It was therefore necessary for the defense to avail themselves of the second will to plead not only the provisions thereof but the acceptance by Whigam.

8. The admission of the will in evidence for the purpose of defeating recovery or diminishing the verdict was improper and for like reason the instructions to the jury were erroneous.

9. The testimony excluded under the second assignment of error was of a witness who was the lawyer of the testatrix, the declarations made by his client having been made in the known presence of a third person.

10. An attorney is only barred from testifying because of the confidential character of communications made to him for the reason that public policy requires confidence between attorney and client to be encouraged.

11. When such communications are made in the presence of a known thrid party they cease to be confidential and therefore are admissible.

12. The exclusion of testimony in this case was not prejudicial because Whigam got a verdict in spite of such exclusion.

13. Testimony of claimant as to expenditures during the lifetime of the decedent are inadmissible, and were properly rejected.

14. The measure of Whigam's recovery was not upon expenditures made by her, but for the value of services rendered.

Judgment reversed and cause remanded.

Attorneys—B. F. Kimble for Whigam; E. G. Millar for Bannon; both of Portsmouth.